## No. 816

### LINDEMAN v. EYRICH

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2790. Decided March 29, 1926

887. PARTIES—Where in an action against two tort feasors, a verdict was returned against one, and in favor of the other, the latter need not be joined in error proceedings as he is not a party to the judgment.
BUCHWALTER, P. J.

George Eyrich, Sr. filed an action against Eva Lindeman and the Cincinnati Traction Co. in the Cincinnati Municipal Court seeking to recover damages for injury to his automobile claimed to have been caused by the negligence of the defendants. A verdict was returned against Lindeman alone and judgment rendered thereon. The Hamilton Common Pleas affirmed the judgment.

Error was prosecuted but the Traction Co. was not made a party to the error proceedings and Eyrich claims that because of failure to make the Company a party the error proceeding should be dismissed.

The Court of Appeals held:

1. Where the obligation is joint, and there is a joint judgment or parties are united in interest, one of the defendants cannot perfect error proceedings without making all joint obligors or parties in interest parties to the action.

2. Liability in tort is a joint and several liability and either of the parties could have been sued without naming the other as defendant.

3. Therefore the injured party has his rights, after judgment, against each tort feasor separately, and there is no necessity to make all such defendants parties to an error proceeding; there being no right of contribution.

4. Since the Traction Co. was not a necessary party to the error proceedings motion to dismiss such proceedings is overruled.

5. There being no prejudicial error in the case, affirmance of the Common Pleas is affirmed.

Judgment affirmed.

Attorneys—Louis B. Sawyer & G. P. Goodenough for Lindeman; Schorr & Wessleman, Arthur C. Fricke & Thomas L. Michie for Eyrich; all of Cincinnati.